No. 130.—MOULOR & DUMESTRE *v.* M. ROSENGARDEN.

An attachment taken out under the act of 1868, entitled "An Act to provide additional grounds for attachment," will be dissolved on motion, if the facts shown on the trial fail to establish the allegations of the petition.

APPEAL from Tenth District Court, parish of Caddo. *Levisee, J. Aleck Boarman,* for plaintiffs and appellants. *Egan, Williamson & Wise,* for defendants and appellees.

This case was tried by a jury, in the court below.

WYLY, J. This is a suit on an account for merchandise, which, plaintiffs allege, is due them by the defendant.

It was accompanied with an attachment granted under the act of 1868, an act providing additional grounds for attachment. This attachment was dissolved on the trial of a motion filed for that purpose. The plaintiffs then amended their petition, alleging that the defendant "has assigned, or is about to assign or dispose of his property, rights and credits, or some of them, with intent to defraud his creditors, or give some unfair advantage or preference to some of them. That defendant has converted his property, or is about to convert the same, into money or evidences of debt, with intent to place it beyond the reach of his creditors. Plaintiffs make these allegations for the reason that defendant has said and boasted that plaintiffs could do nothing to him, and he would fix his things so they (meaning the plaintiffs) could never recover anything, or their claim, and that a judgment against him would be worth nothing; and for the further reason that defendant, instead of making an effort to pay his just debt, is daily squandering his means in unlawful pursuits, and for other reasons that will appear more fully on the trial of this cause." On making oaths to these averments, and giving bond, he again obtained from the judge a writ of attachment, under which the property of the defendant was seized. This attachment was also dissolved on the trial of a motion to that effect. At the trial on the merits, the plaintiffs recovered judgment for the amount claimed, and then appealed, both from that judgment and the judgment dissolving their injunction.

As to the judgment on the merits, the defendant and appellee does not complain, and certainly the plaintiffs and appellants ought not to be dissatisfied with a judgment giving them all they asked for.

As to the' judgment dissolving the, second attachment, we think there was no error.

An examination of the evidence at the trial of the rule to dissolve this attachment satisfies us that the plaintiffs were not entitled to the writ; that there was no disposition of property, or intended disposition, on the part of the defendant, with the view of defrauding his creditors. On the contrary, it appears that he had just rented another shop, and was extending his business. In his case the state of facts did not exist, contemplated bv the act of 1868, under which the plaintiffs proceeded.

It is therefore ordered that the judgments appealed from be affirmed, and that plaintiffs pay costs of this appeal.